# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| PHILLIP LANIER, Individually and On behalf of all those similarly situated. § § § | |
| Plaintiffs, § § | DOCKET NO. _____ |
| v. § § | JURY TRIAL DEMANDED |
| APACHE CORPORATION § § § | |
| Defendant. § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Phillip Lanier ("Lanier" or "Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Apache Corporation ("Apache" or "Defendant") under the Fair Labor Standards Act ("FLSA").

2. Plaintiff and the other welders like him regularly worked for Apache in excess of 40 hours each week without overtime compensation.

3. Instead of paying overtime as required by the FLSA, Apache improperly classified Lanier and those similarly situated as independent contractors, paying a straight hourly rate with no overtime compensation.

4. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II. JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. Apache conducts substantial business operations in this District and Division.

## III. THE PARTIES

8. Lanier worked for Apache from approximately July 2009 until February 2015.

9. Throughout his employment with Apache, he was a straight hourly rate with no overtime compensation and was classified as an independent contractor.

10. The relationship between Lanier and Apache rises to the level of an employee-employer relationship.

11. For example, Apache dictated Lanier's rate of pay.

12. Apache set Lanier's schedule.

13. Apache decided Lanier's work locations.

14. Apache required Lanier to follow its policies and procedures.

15. Apache prohibited Lanier from working for other employers while working for Apache.

16. Apache precluded Lanier from subcontracting out his work at Apache.

17. Lanier did not provide unique services indicative of a third-party contractor.

18. Lanier is a welder.

19. His consent to be a party plaintiff is attached as Exhibit A.

20. Lanier brings this action on behalf of himself and all other similarly situated welders who were classified as independent contractors and paid under Apache's straight time system. Apache paid each of these workers a straight hourly rate and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated welders or potential class members sought to be certified is defined as follows:

**ALL CURRENT AND FORMER WELDERS EMPLOYED BY APACHE CORPORATION, WHO:**

**(1) WERE CLASSIFIED AS INDEPENDENT CONTRACTORS;
(2) PAID A STRAIGHT HOURLY RATE WITH NO OVERTIME; AND
(3) WORKED IN EXCESS OF FORTY (40) HOURS IN A WORKWEEK DURING THE LAST THREE (3) YEARS.**

21. Defendant Apache Corporation may be served by serving its registered agent for service of process, **CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201**. Apache conducts substantial business activities in the Southern District of Texas and throughout the United States.

### IV. COVERAGE UNDER THE FLSA

22. At all times hereinafter mentioned, Apache has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Apache has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Apache has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25. At all times hereinafter mentioned, Lanier and the similarly situated welders were engaged in commerce or in the production of goods for commerce.

26. As will be shown through this litigation, Apache treated Lanier (and indeed all of its welders that it classified as independent contractors and paid a straight hourly rate to without overtime compensation) as employees.

27. Apache's misclassification of Lanier and the welders as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

## V. FACTUAL COLLECTIVE ACTION ALLEGATIONS

28. Apache is a global oil and gas exploration and production company operating worldwide and throughout the United States, including in Texas. In order to provide services to many of its customers, Apache contracts with certain companies to provide it with employees to perform the necessary work.

29. Many of these individuals worked for Apache on a straight hourly basis without overtime and were classified as independent contractors.

30. Lanier and the putative class members worked for Apache under this pay scheme.

31. Lanier and the putative class members worked for Apache as welders.

32. Lanier and the putative class members received a straight hourly rate.

33. Lanier and the putative class members did not receive overtime pay.

34. Lanier and the putative class members are subjected to the same or similar pay practices for similar work.

35. Lanier and the putative class members performed manual labor for Apache, welding, which is a nonexempt job duty.

36. Lanier and the putative class members worked overtime for Apache.

37. Lanier and the putative class members often worked at least 12 hours a day, often 7 days a week.

38. Without the job performed by Lanier and the putative class members, Apache would not be able to complete its business objectives.

39. Lanier and the putative class members rely on Apache for work and compensation.

40. Lanier and the putative class members work in accordance with the schedule set by Apache.

41. Lanier and the putative class members are not permitted by Apache to subcontract out the work they are assigned to do by Apache.

42. Lanier and the putative class members must follow Apache policies and procedures.

43. Lanier and the putative class members' work must adhere to the quality standards put in place by Apache.

44. Lanier and the putative class members did not substantially invest in the tools required to complete the overall job to which they were assigned.

45. Lanier and the putative class members did not possess any specialized or unique skill set.

46. Lanier and the putative class members were blue collar workers.

47. Lanier and the putative class members did not market their services, while employed by Apache.

48. Lanier and the putative class members worked exclusively for Apache.

49. Lanier and the putative class members did not incur operating expenses like rent, payroll, marketing, and insurance.

50. Apache set Lanier and the putative class members' rates of pay, work schedule, and prohibited them from working other jobs for other companies while working on jobs for Apache.

51. Very little skill, training, or initiative was required of Lanier and the putative class members to perform their job duties.

5

52. Apache required Lanier and the putative class members to work substantial overtime without overtime compensation.

53. Apache classified Lanier and the putative class members as exempt from the overtime requirements, as an independent contractor.

## VI.     FLSA VIOLATIONS

54. As set forth herein, Apache has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

55. Apache knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the putative class members overtime compensation. Apache's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

56. Accordingly, Lanier and the putative class members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.     JURY DEMAND

57. Lanier demands a trial by jury.

## VIII.     RELIEF SOUGHT

58. WHEREFORE, Lanier prays for judgment against Apache as follows:

a. An Order certifying a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated welders with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Apache liable for unpaid back wages due to Lanier and the putative class members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order appointing Lanier and his counsel as Class Counsel to represent the interests of the FLSA class;

d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Michael A. Josephson
    **Michael A. Josephson**
    State Bar No. 24014780
    Federal ID No. 27157
    **Andrew W. Dunlap**
    State Bar No. 24078444
    Federal ID No. 1093163
    **Lindsay R. Itkin**
    State Bar No. 24068647
    Federal ID No. 1458866
    **Jessica M. Bresler**
    State Bar No. 24090008
    Federal ID. 2459648
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77005
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    litkin@mybackwages.com
    jbresler@mybackwages.com

    AND

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    Fed. Id. 21615
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**